J. A. & J. W. STRONG *v.* ALEXANDER SLICER.

*Fences.   Assumpsit.*

The defendant agreed with the plaintiffs that if the latter would build one-half of the division fence between them, he would build the other half, or pay the plaintiff for one half of the fence, which they should build. The plaintiffs built one-half of the fence, but the defendant neglected to build any portion of the other half; *Held*, that the plaintiffs could recover half the expense of the fence built by them, under the general counts in assumpsit for work, labor and materials furnished.

ASSUMPSIT. The material facts in the case appear in the opinion of the court.

To the exclusion by the county court of the evidence offered by the plaintiffs as detailed in the opinion of the court, the plaintiffs excepted.

*Thomas Gleed*, for the plaintiffs.

*Child & Benton*, for the defendant.

KELLOGG, J. The special count in the plaintiffs' declaration sets forth an absolute undertaking on the part of the defendant to build as much fence on the division line between the parties as the plaintiffs should build, and avers that the plaintiffs did build a large amount, to wit, one hundred rods of said division fence, but that the defendant, though requested, had neglected and refused to build as much, or any, of said fence. The evidence offered by the plaintiffs tended to show a conditional or alterna-

tive undertaking by the defendant, that if the plaintiffs would build a certain piece, being one-half, of the fence on the division line between the parties in the spring of 1857, he would build a certain other and equal piece of said fence in the fall of that year, *or* pay the plaintiffs for one-half of the fence which they should build; and that under said agreement, they did build thirty-eight rods of said fence, worth thirty-seven and one-half cents per rod, and that the defendant had never built the fence which he agreed to build, but had refused to do so. So far as this evidence was intended to support the special count, it is clear that it was not applicable, on the ground of variance,— the proof establishing a contract in the alternative, and the declaration setting forth an absolute and unconditional undertaking, and if the special count had been the only count relied upon by the plaintiffs, the exclusion of this evidence would have been proper.

But the plaintiffs' declaration contained the general counts in *indebitatus assumpsit* for work, labor and materials furnished ; and we think that the evidence so offered, which was excluded, was applicable to, and should have been received in support of those counts.. The case does not show that any such division of the fence had been made as would limit the duty of either of the parties in making and repairing it to any particular portion of the line ; and that duty would be co-extensive with the whole line until the making of such a division. The duty was mutual or common to both parties in respect to the fence of the entire line ; and until a division, each party would be interested in the fence on any part of the line. The case can rest upon the duty of the defendant to pay the plaintiffs for his share of work and labor performed by the plaintiffs for their joint and equal benefit, at his request, and upon his contract with the plaintiffs to pay them for his share of that work and labor. In this view, there was a sufficient consideration for the defendant's undertaking, and the evidence which was excluded would, if uncontradicted, be sufficient to establish his liability under the common counts, on his refusal to make compensation to the plaintiffs in the manner and to the extent stipulated for in his contract.

Judgment of the county court for the defendant reversed, and the cause remanded for a new trial.